DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Richard Scott Albarr has appealed his conviction from the Summit County Common Pleas Court. This Court affirms.
 I.
On July 6, 1999, Albarr was indicted by the Summit County Grand Jury on one count of aggravated robbery, a violation of R.C. 2911.01(A)(3), and one count of robbery, a violation of R.C. 2911.02(A)(2). Albarr entered a not guilty plea on July 19, 1999, and the case proceeded to a jury trial. The jury found Albarr guilty of aggravated robbery. The court journalized an entry on September 29, 1999, stating that the jury convicted Albarr of aggravated robbery, and dismissed the charge of robbery.
On September 30, 1999, the court overturned the jury's finding that Albarr had committed aggravated robbery on directed verdict and dismissed the count. The court reinstated the robbery charge, found Albarr guilty, and sentenced him to four years in prison.
Albarr timely appealed, asserting one assignment of error.
 II. Assignment of Error
THE CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 In his sole assignment of error, Albarr avers that his conviction is not supported by sufficient evidence.
The test for sufficiency requires a determination of whether the state has met its burden of production at trial. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins
(1997), 78 Ohio St.3d 380, 386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law[.]").
R.C. 2911.02(A)(2) governs robbery and states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]"
The full extent of Albarr's argument in support of his contention that the conviction is not supported by sufficient evidence is that "the man depicted in photos [shown to the jury] is simply not him." Albarr does not allege that the pictures were tainted by procedures that were unduly suggestive. He simply contends that the man pictured "bears very little resemblance to [Albarr's] recent photo[.]
The Ohio Supreme Court has explained the factors to consider in determining whether an identification is reliable:
 "The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."
 State v. Williams (1995), 73 Ohio St.3d 153, 163, quoting Neil v. Biggers (1972), 409 U.S. 188, 199-200, 34 L.Ed.2d 401, 411.
At trial Karen Lafferty testified that she was working alone as a cashier at the Holland Oil store on June 27, 1999. She witnessed Albarr walk in and out of the store five times over a ten-minute period. The first four times Albarr entered the store he purchased lottery tickets. The fifth time Albarr walked into the store he approached the counter and began choking Lafferty, demanded her to open the cash register, and pushed on the cash register keys. Immediately after Albarr left the store Lafferty called police and gave a description of Albarr. Lafferty told police that Albarr walked in the direction of the Haven of Rest when he left.
That same night, Detective Crystal Bowen went to the Haven of Rest. She gave a physical description of the man she was looking for to employees. Based on that description the employees led her to Albarr. The following day Detective Bowen put together a photo array, which included a picture of Albarr, and showed it to Lafferty. Lafferty positively identified Albarr as the robber.
Lafferty had ample opportunity to observe Albarr while Albarr came into the store and purchased lottery tickets. Only one day passed between the robbery of Lafferty and Lafferty's identification of Albarr.
This Court concludes that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of robbery proven beyond a reasonable doubt. The jury was free to believe Lafferty's testimony that Albarr was the man who robbed her. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Jackson (1993), 86 Ohio App.3d 29, 33.
Albarr's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ DONNA J. CARR
SLABY, P. J., WHITMORE, J., CONCUR.